IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

KENNETH BRIDGEFORTH                                          PETITIONER

VERSUS                                    CIVIL ACTION NO. 2:07cv160KS-MTP

RON KING                                                      RESPONDENT

## OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Kenneth Bridgeforth, an inmate at the South Mississippi Correctional Institute, Leakesville, Mississippi, filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on August 1, 2007.

### Background

The allegations of the petition make clear that the petitioner is not challenging his conviction, but places into issue his claim that the Mississippi Department of Corrections Record Department has incorrectly calculated his sentence. The petitioner argues that his 16-year sentence was suspended after he successfully completed the RID program and Drug and Alcohol Program. Therefore, he argues that the calculation of his sentence should not include the 16-year sentence.

### Analysis

After reviewing the petition and giving it the liberal construction as required by Haines v. Kerner, 404 U.S. 519 (1972), the court has come to the following conclusion.

When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Thus, the instant petition for habeas relief is properly before this court. In pursuing habeas relief, a petitioner must exhaust his available state remedies prior to this court considering his petition for federal habeas relief. 28 U.S.C. § 2254 (b)(1)(A) & (c). The exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1 (1981); Picard v. Connor, 404 U.S. 270 (1971). The petitioner must present his claims to the state courts in such fashion as to afford those courts a fair opportunity to rule on the merits. Picard, 404 U.S. at 275-76.

It is clear from petition and the attachment that the petitioner has failed to give the state courts a chance to correct an error, if any, of the alleged illegal incarceration and/or miscalculation of his sentence. Specifically, the petitioner filed a motion to modify and correct in the Circuit Court of Marion County, Mississippi, dated July 12, 2007. However, since the petitioner filed this habeas in this court on August 1, 2007, it is clear that he did not give the state court time to rule on his motion. Moreover, in the event petitioner does not receive relief in the state court, he may then appeal the decision of the trial court to the Mississippi Supreme Court. MISS. CODE ANN. § 99-39-25 (1972), as amended. Consequently, this court has determined that the petitioner has failed to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c).

## Conclusion

As discussed above, the petitioner has failed to exhaust his available state remedies. Hence, this petition shall be dismissed without prejudice.

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the 17th day of September, 2007.

                                          *s/Keith Starrett*
                                          UNITED STATES DISTRICT JUDGE